[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12868

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSE MANUEL VILLA PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00083-CEH-JSS-1

_____

Before WILSON, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Manuel Villa Perez appeals his convictions and 87-month concurrent sentences for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States and possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. On appeal, Perez argues that the district court erred in determining that it had jurisdiction under the Maritime Drug Law Enforcement Act ("MDLEA") without finding a nexus between the vessel and the United States. He also argues that the district court clearly erred in not applying a minor-role reduction because it failed to properly examine his role in the overall scheme. For the following reasons, we affirm.

## I.

We review a district court's interpretation and application of a statute concerning its subject-matter jurisdiction *de novo*. *United States v. Campbell*, 743 F.3d 802, 805 (11th Cir. 2014). Under our prior precedent rule, we are bound to follow a prior binding precedent unless it is overruled by this Court sitting *en banc* or by the Supreme Court. *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008).

The MDLEA prohibits knowingly or intentionally possessing a controlled substance with the intent to distribute onboard any vessel subject to the jurisdiction of the United States.  46 U.S.C. § 70503(a).  Among other grounds, a vessel is subject to the jurisdiction of the United States if it is without nationality, *id.* § 70502(c)(1)(A), and a vessel without nationality includes a vessel aboard which the individual in charge fails to make a claim of nationality or registry for that vessel and a vessel aboard which the claimed nation of registry does not assert that the vessel is of its nationality, *id.* § 70502(d)(1)(B)–(C).

Extraterritorial jurisdiction is not an element of an offense but a preliminary question of law for the district court to determine.  *Campbell*, 743 F.3d at 807.  We have rejected constitutional challenges to jurisdiction under the MDLEA based on a lack of nexus between the offense conduct and the United States.  *See, e.g.*, *United States v. Rendon*, 354 F.3d 1320, 1325 & n.3 (11th Cir. 2003) (collecting cases); *see also United States v. Cabezas-Montano*, 949 F.3d 567, 587 (11th Cir. 2020) ("The defendants' MDLEA convictions thus do not violate their due process rights even if their offenses lack a 'nexus' to the United States").

Here, the district court did not err in finding jurisdiction under the MDLEA without finding a nexus between the vessel and the United States.  Indeed, our controlling precedent provides that no such nexus is necessary for MDLEA jurisdiction.  We therefore affirm as to this issue.

## II.

A district court's denial of a reduction for minor participation in an offense is reviewed for clear error. *United States v. Moran*, 778 F.3d 942, 980 (11th Cir. 2015). Clear error review is deferential, and we will not invalidate a district court's findings unless we are left with a "definite and firm conviction" that it committed a mistake. *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016) (quoting *United States v. Ghertler*, 605 F.3d 1256, 1267 (11th Cir. 2010)).

An offense level is reduced by two levels "[i]f the defendant was a minor participant" in the offense. U.S.S.G. § 3B1.2(b); *see also id.* § 3B1.2 cmt. n.5. (stating that a minor participant is a defendant "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal"). And, if a defendant convicted of an importation offense receives a minor-role adjustment and has a base offense level of 36 under the Drug Quantity Table in U.S.S.G. § 2D1.1(c), then the offense level is further decreased by 3 levels. *Id.* § 2D1.1(a)(5). The sentencing table in Chapter Five of the Sentencings Guidelines Manual provides that a criminal history category of I, combined with an offense level of 31, results in a guideline range of 108 to 135 months' imprisonment. *Id.* ch. 5, pt. A. A criminal history category I, combined with an offense level of 26, results in a guideline range of 63 to 78 months' imprisonment. *Id.*

If a district court states that it would impose the same sentence regardless of a disputed Sentencing Guidelines issue, then we will not review the disputed issue if the ultimate sentence would

21-12868                Opinion of the Court                5

still be reasonable under the guideline range that would have resulted if the disputed issue had been resolved in the defendant's favor. *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006).

A district court abuses its discretion and imposes a substantively unreasonable sentence when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). The district court commits a clear error of judgment when it considers the proper factors but weighs them unreasonably. *Id.* at 1195. The proper factors are set out in 18 U.S.C. § 3553(a) and include the nature and circumstances of the offense, the criminal history of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, adequate deterrence, and protection of the public.

We conclude that any error the district court committed in denying Perez a minor-role reduction was harmless. Indeed, the court expressly stated that it would have imposed the same 87-month sentence even if it had granted his request for that reduction. Furthermore, that sentence would be reasonable even under the lower Guidelines range with a minor-role reduction. We therefore affirm as to this issue.

★ ★ ★ ★

Accordingly, we affirm Perez's convictions and sentences.

6                        Opinion of the Court                    21-12868

AFFIRMED.